**Christopher J. HEDER, Plaintiff–Appellee,**

v.

**CITY OF TWO RIVERS, Defendant–Appellant.**

No. 03–2201.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 23, 2004.*

Decided March 11, 2004.

Steven R. Olson, Radosevich, Mozinski & Cashman, Manitowoc, WI, for Plaintiff–Appellee.

Everett E. Wood, Davis & Kuelthau, Milwaukee, WI, for Defendant–Appellant.

Before EASTERBROOK, MANION, and KANNE, Circuit Judges.

Order

■ This appeal concerns attorneys' fees for the proceedings that led to our decision in *Heder v. Two Rivers,* 295 F.3d 777 (7th Cir.2002). The district judge concluded that the issues on which Heder had lost were so closely related to those on which he had prevailed that it is inappropriate (if not impossible) to separate them for purposes of fee awards. The district court awarded Heder the full legal expenses and costs claimed, about $36,000 including prejudgment interest.

Appellate review of such decisions is deferential, *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), and we do not think that the district court abused its discretion. When issues are factually related, and it is prudent for counsel to address them all, the award should cover all of the time expended even if some of the matters are decided adversely to the plaintiff. See *Hensley,* 461 U.S. at 435, 103 S.Ct. 1933; *Alliance to End Repression v. Chicago,* 356 F.3d 767, 769 (7th Cir.2004). The district judge thought that counsel would have spent almost, if not exactly, the same time on the winning issues alone and thus that full compensation is proper under *Hensley* and its successors. That decision does not reflect a clearly erroneous view of the facts or an abuse of discretion, whether or not it

---

* Both sides have represented that oral argu-      ment is unnecessary.

is the position we would have reached as an original matter.

Two Rivers does not contest counsel's hourly rate but does say that the award is too high in relation to the results obtained. Yet the ratio is similar to that sustained in *Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), and on an absolute scale $30,000 or so in legal fees for a case of this kind is not exorbitant. Plaintiff obtained a precedent that doubtless will be valuable to other firefighters; the district judge properly took this into account when evaluating the results counsel achieved. Appellate courts must, and do, respect the fact that district judges have the best perspective on these issues, having managed the litigation throughout. The district judge's thoughtful opinion says all that needs to be said.

■ Plaintiff is entitled to an award of fees for defending the district court's award. His brief asks for a remand so that the district court can calculate these, but it is better to cut out an extra step that may lead to still a third appeal. Plaintiff has 14 days to file a statement of fees and costs reasonably incurred in defending the district court's decision. Two Rivers has 10 days to respond. But the parties *should be able to work this out on their own* rather than run up an ever greater tab litigating about the amount of legal fees required to determine legal fees.

AFFIRMED